Ed Hones, WSBA No. 58275
Hones Law, PLLC
119 1st Ave S., Suite 310
Seattle, WA 98104
Phone: (206) 899-5061
E-Mail: ed@honeslaw.com

Gregory A Wolk, WSBA No. 28946
Hardeep S. Rekhi, WSBA No. 34579
529 Warren Ave N., Suite 201
Seattle, WA 98109
Telephone: (206) 388-5887
Facsimile: (206) 577-3924
E-Mail: greg@rekhiwolk.com
E-Mail: hardeep@rekhiwolk.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SETH EMBRY, individually,<br><br>                          Plaintiff,<br><br>        vs.<br><br>JUST RIGHT CLEANING & CONSTRUCTION, LLC, a Delaware Corporation, and FLEET RESPONSE, INC., a Delaware Corporation.<br><br>                          Defendants. | No.<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES<br><br>**JURY TRIAL REQUESTED** |

## I.    NATURE OF ACTION

This action arises out of Defendants Just Right Cleaning & Construction, LLC's ("JRCC") and Fleet Response, Inc.'s ("Fleet Response") unlawful termination of Plaintiff, Mr. Seth Embry after he suffered a serious workplace injury that substantially limited his ability to perform manual tasks and other major life activities. Defendants terminated Mr. Embry within weeks of his request for a

COMPLAINT FOR DAMAGES - 1

reasonable accommodation for his disability and having filed a worker's compensation claim under Washington law. Mr. Embry brings this action against Defendants for disability discrimination, failure to accommodate, retaliation, and wrongful discharge in violation of public policy under Washington common law, the Washington Law Against Discrimination ("WLAD"), RCW 49.60 et seq., and Washington's Silenced No More Act, RCW 49.44.211(3).

## II.    JURISDICTION AND VENUE

2.1.    This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff is a citizen of Washington State and Defendants are incorporated in Delaware.

2.2.    Venue is proper in the Eastern District of Washington under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Mr. Embry's claims occurred in Wenatchee, Washington, located in the Eastern District of Washington.

## III.    PARTIES

3.1.    Mr. Seth Embry is a citizen of the state of Washington. Mr. Embry worked for Defendants from approximately June 2022 to May 2024.

3.2.    Just Right Cleaning & Construction, LLC is a Delaware corporation with its principal place of business in Moses Lake, Washington. JRCC employed and engaged in the adverse acts set forth below against Mr. Embry within the Eastern District of Washington. Upon information and belief, JRCC is a wholly owned subsidiary of Defendant Fleet Response, Inc.

3.3.    Fleet Response, Inc. is a Delaware corporation. Upon information and belief, Fleet Response operates its principal place of business in Englewood,

COMPLAINT FOR DAMAGES - 2

Colorado. Fleet Response employed and engaged in the adverse acts set forth below against Mr. Embry within the Eastern District of Washington.

## IV.    STATEMENT OF FACTS

4.1.    Defendant JRCC employed Mr. Embry as a laborer at job sites throughout Washington from June 2022 until May 2024. At some point prior to Mr. Embry's injury and termination, described below, Defendant JRCC became a wholly owned subsidiary of Defendant Fleet Response. As set forth below, Defendant Fleet Response, acting by and through its agents, employed and engaged in the below-described adverse acts against Mr. Emby, including the decision to terminate his employment.

4.2.    Throughout his employment, Mr. Embry performed his job duties proficiently and received positive feedback from supervisors and managers. Defendants did not issue Mr. Embry any negative performance reviews or disciplinary write-ups.

4.3.    In March 2024, Mr. Embry suffered a serious workplace injury while working at Defendants' job site in Chelan, Washington.

4.4.    Immediately after the injury, Mr. Embry notified his superintendent, Adam Welborn, and his manager, Jason Barr, that he was injured and leaving the worksite to seek medical attention.

4.5.    Mr. Embry's physician diagnosed Mr. Embry with a dislocated shoulder, which substantially limited his ability to perform manual tasks, lift objects, and engage in other major life activities.

4.6.    The following week, Mr. Embry's primary care physician recommended time off from work to allow Mr. Embry to recover. Mr. Embry

COMPLAINT FOR DAMAGES - 3

promptly informed his managers of his physician's recommendation, and they granted him one month of paid time off.

4.7.    While on paid leave, Mr. Embry filed a worker's compensation claim with Washington's Department of Labor and Industries.

4.8.    In or around April 2024, Mr. Embry's physician cleared him to return to work on light duty with the instruction that he refrain from using his right shoulder. Mr. Embry could perform the essential functions of his position with the reasonable accommodation of light duty work.

4.9.    Upon information and belief, Defendants regularly provided assignments that were compatible with the requested light-duty accommodation for other employees.

4.10.    Mr. Embry attempted to coordinate his return to work with Mr. Welborn and Mr. Barr. His supervisors expressed willingness to have him return and acknowledged the availability of light-duty work, but they stated that Defendants' leadership refused to authorize Mr. Embry's return.

4.11.    Despite multiple requests from Mr. Embry to discuss possible accommodations, Defendants failed to engage in any meaningful interactive process to identify reasonable accommodations that would allow him to return to work.

4.12.    On May 1, 2024, approximately two weeks after Mr. Embry requested light duty accommodation and six weeks after filing his worker's compensation claim, Defendants sent a written communication to Mr. Embry that terminated his employment, citing "elimination of position" as the reason.

4.13.    Defendants' stated reason for termination was pretextual. Despite claiming they eliminated Mr. Embry's position, Defendants have continued to employ other workers to perform tasks substantially similar to Mr. Embry's pre-

COMPLAINT FOR DAMAGES - 4

HONES LAW PLLC
119 1ST AVE S STE 310
SEATTLE, WA 98104
(206) 899-5061

injury duties, as well as tasks Mr. Embry could have performed on light-duty with a reasonable accommodation.

## V.    FIRST CAUSE OF ACTION – DISABILITY DISCRIMINATION IN VIOLATION OF RCW 49.60 et seq.

5.1.    Mr. Embry realleges all paragraphs above and incorporates them by reference.

5.2.    Under RCW 49.60.180(2), it is an unfair practice for an employer to discharge any person from employment because of the presence of any disability.

5.3.    Mr. Embry's dislocated shoulder constituted a disability under RCW 49.60.040(7)(a).

5.4.    Mr. Embry could perform the essential functions of his position with reasonable accommodation, including light-duty work that was readily available.

5.5.    Defendants terminated Mr. Embry because of his disability. Mr. Embry's disability was a substantial factor in Defendants' decision to terminate him.

5.6.    As a direct and proximate result of Defendants' unlawful disability discrimination, Mr. Embry has suffered damages, including lost wages and benefits, emotional distress, and other recoverable costs and fees under the WLAD.

## VI.    SECOND CAUSE OF ACTION – FAILURE TO REASONABLY ACCOMMODATE IN VIOLATION OF RCW 49.60 et seq.

6.1.    Mr. Embry realleges all paragraphs above and incorporates them by reference.

6.2.    An employer must make reasonable accommodations for an employee's disability unless doing so would impose an undue hardship on the employer. WAC 162-22-025(2).

6.3.    Defendants knew that Mr. Embry's dislocated shoulder substantially limited his ability to perform certain tasks using his right arm, and Mr. Embry

HONES LAW PLLC
119 1ST AVE S STE 310
SEATTLE, WA  98104
(206) 899-5061

requested light duty as an accommodation.

6.4.    Light duty work was readily available and regularly provided to other employees, and accommodating Mr. Embry's request would not have imposed an undue hardship on Defendants.

6.5.    Defendants failed to engage in the interactive process in good faith and failed to provide or even explore reasonable accommodations for Mr. Embry's disability. Instead, Defendants terminated him Mr. Embry shortly after his accommodation request.

6.6.    As a direct and proximate result of Defendants' failure to accommodate, Mr. Embry has suffered damages, including lost wages, emotional distress, and other compensable losses under the WLAD.

## VII.    THIRD CAUSE OF ACTION – RETALIATION IN VIOLATION OF RCW 49.60 et seq.

7.1.    Mr. Embry realleges all paragraphs above and incorporates them by reference.

7.2.    Washington law prohibits an employer from retaliating against an employee who engages in statutorily protected activity. Requesting a disability accommodation constitutes protected activity under WLAD. *See Hartman v. Young Men's Christian Ass'n of Greater Seattle*, 191 Wn. App. 1005 (2015).

7.3.    Mr. Embry engaged in protected activity when he requested a reasonable accommodation for his dislocated shoulder and when he filed a worker's compensation claim.

7.4.    Defendants retaliated against Mr. Embry by terminating him soon after he requested a reasonable accommodation and filed for worker's compensation.

7.5.    Mr. Embry has suffered damages as a direct and proximate result of Defendants' retaliatory conduct, including lost wages, emotional distress, and other

COMPLAINT FOR DAMAGES - 6

HONES LAW PLLC
119 1ST AVE S STE 310
SEATTLE, WA 98104
(206) 899-5061

damages recoverable under the WLAD.

### VIII.   FOURTH CAUSE OF ACTION – WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

8.1.    Mr. Embry realleges all paragraphs above and incorporates them by reference.

8.2.    Washington law recognizes an exception to at-will employment when an employer terminates an employee for reasons that contravene public policy, including retaliation for filing a worker's compensation claim. *See* Washington Pattern Jury Instruction (WPI) 330.50.

8.3.    Mr. Embry engaged in protected activity by filing a worker's compensation claim. Defendants knew of this protected activity before terminating Mr. Embry.

8.4.    Mr. Embry's filing of a worker's compensation claim was a substantial factor in Defendants' decision to terminate him.

8.5.    As a direct and proximate result of Defendants' wrongful termination in violation of public policy, Mr. Embry has suffered damages, including lost wages, emotional distress, and other compensable losses.

### IX.   FIFTH CAUSE OF ACTION – RETALIATION IN VIOLATION OF RCW 49.44.211(3)

9.1.    Mr. Embry realleges all paragraphs above and incorporates them by reference.

9.2.    RCW 49.44.211(3) provides that, "It is a violation of this section for an employer to discharge or otherwise discriminate or retaliate against an employee for disclosing or discussing conduct … that is recognized as against a clear mandate of public policy, occurring in the workplace … "

COMPLAINT FOR DAMAGES - 7

HONES LAW PLLC
119 1ST AVE S STE 310
SEATTLE, WA 98104
(206) 899-5061

9.3.    Mr. Embry engaged in public-policy-linked conduct when he filed a worker's compensation claim.

9.4.    Mr. Embry's filing of a worker's compensation claim was a substantial factor in Defendants' decision to terminate him

9.5.    By the actions alleged above, Defendants violated the provision of RCW 49.44.211(3).

9.6.    As a result of Defendants' unlawful acts, Plaintiff Long has suffered actual damages in amounts to be determined at trial and is entitled to recover such damages or statutory damages of $10,000, whichever is more, as well as interest thereon, and reasonable attorneys' fees, and litigation costs.

## X.    PRAYER FOR RELIEF

Plaintiff requests this Court enter judgment against Defendants granting the following relief:

A.    Economic Damages: Order Defendants to pay Plaintiff back pay for lost wages and benefits, including interest, in amounts to be proven at trial;

B.    Front Pay: Award Plaintiff future lost earnings and benefits in an amount to be determined at trial;

C.    Non-Economic Damages: Award Plaintiff compensation for emotional pain, suffering, mental anguish, and loss of enjoyment of life, and other general damages in an amount to be determined at trial;

D.    Attorneys' Fees and Costs: Award Plaintiff reasonable attorneys' fees and costs pursuant to RCW 49.48.030 and RCW 49.60 et seq;

E.    Prejudgment Interest: Award prejudgment interest on all liquidated amounts due.

COMPLAINT FOR DAMAGES - 8

F.    Tax Consequences: Order Defendants to pay for any adverse tax consequences associated with the damages award;

G.    Injunctive Relief: Grant appropriate injunction enjoining Defendants, their officers, agents, and employees from engaging in unlawful practices described herein; and

H.    Other Relief: Grant such other and further relief as the Court deems just and equitable.

DATED this 27th day of March, 2025.

**HONES LAW, PLLC**

By: *s/ Ed Hones*
Ed Hones, WSBA No. 58275
119 1st Ave S., Suite 310
Seattle, WA 98104
Telephone: (206) 899-5061
E-mail: ed@honeslaw.com

**REKHI & WOLK, P.S.**

By: *s/ Gregory A. Wolk*
Gregory A Wolk, WSBA No. 28946
Hardeep S. Rekhi, WSBA No. 34579
529 Warren Ave N., Suite 201
Seattle, WA 98109
Telephone: (206) 388-5887
Facsimile: (206) 577-3924
E-Mail: greg@rekhiwolk.com
E-Mail: hardeep@rekhiwolk.com

*Attorneys for Plaintiffs*

COMPLAINT FOR DAMAGES - 9